**WO**  RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francisco Trejo Miramontes, | No. 05-3178-PHX-JAT (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, | |
| Defendant. | |

Francisco Trejo Miramontes (Plaintiff), formerly confined in the Maricopa County Durango Jail in Phoenix, Arizona (Durango Jail), filed with the Clerk of the Court on October 12, 2005 a pro se "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint) pursuant to 42 U.S.C. § 1983. This action is one of more than one thousand (1,000) lawsuits filed in this district since September 2004 alleging that the overcrowded conditions in the Maricopa County jail system have resulted in a variety of constitutional violations.[1]

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

- 1 -

**JDDL**

## APPLICATION TO PROCEED IN FORMA PAUPERIS

Plaintiff did not pay the two hundred and fifty dollar ($250.00) filing fee when he filed the Complaint, but he filed a certified "Application To Proceed In Forma Pauperis By A Prisoner Civil (Non-Habeas)" (Application To Proceed) and an "Inmate Account Statement" (Account Statement) with the Complaint. Plaintiff's Application To Proceed will be granted.

## PAYMENT OF FILING FEE AFTER RELEASE

On November 14, 2005, Plaintiff filed a "Notice of Change of Address" (Document #3), which indicates that he is now residing at a private address in Phoenix, Arizona. Judging from this change of address, it appears that Plaintiff has been released from custody.[2]

Pursuant to 28 U.S.C. § 1915(b)(1), as amended by the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996), "if a prisoner brings a civil action or files an appeal [in forma pauperis], the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Effective February 7, 2005, the filing fee for a civil rights action increased from one hundred and fifty dollars ($150.00) to two hundred and fifty dollars ($250.00). See 28 U.S.C. § 1914, amended by, Consolidated Appropriations Act of 2005, Pub. L. No. 108-447, 118 Stat. 2809, Sec. 307 (December 8, 2004).

Plaintiff brought this civil action while he was still a prisoner, therefore he will be required to pay the full amount of the two hundred and fifty dollar ($250.00) filing fee, even though he has subsequently been released from confinement.

If Plaintiff were still a prisoner, the Court would assess and, when funds exist, collect an initial partial filing fee of twenty percent (20%) of the greater amount of either the average monthly deposits or the average monthly balance in Plaintiff's prison account for the six (6) months immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, Plaintiff would be required to make monthly payments equaling twenty percent (20%) of the preceding month's income credited to his

---

[2] The website of the Maricopa County Sheriff does not show Plaintiff as being in the current custody of the Maricopa Sheriff. Also, the website of the Arizona Department of Corrections (ADOC) does not show Plaintiff as being in the current custody of the ADOC.

**JDDL**

- 2 -

1 prison account. 28 U.S.C. § 1915(b)(2).

2 However, because Plaintiff is no longer in custody, and therefore does not have a prison account, he cannot avail himself of the partial payment provisions of 28 U.S.C. § 1915(b)(1),(2). The statute makes no other provision for incremental collection of the fee. Therefore, Plaintiff must now pay the filing fee in full. Accordingly, Plaintiff will be given thirty (30) days from the filing date of this Order to pay the two hundred and fifty dollar ($250.00) filing fee. If Plaintiff fails to pay the filing fee within thirty (30) days of the filing date of this Order, the action will be dismissed without prejudice, without further notice to Plaintiff, unless Plaintiff shows good cause, in writing, why he is unable to pay the filing fee.

Plaintiff should note that even after he pays the filing fee the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)(2). The Court also must dismiss a complaint or portion thereof if the plaintiff fails to exhaust any administrative remedy available to him. 42 U.S.C. § 1997e(a).

### RULE 41(b) WARNING

Plaintiff is warned that if he fails to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir.) (district court may dismiss action for failure to comply with any order of the court), cert. denied, 506 U.S. 915 (1992).

**IT IS THEREFORE ORDERED:**

(1) That Plaintiff's "Application To Proceed In Forma Pauperis By A Prisoner Civil (Non-Habeas)" filed with the Complaint is GRANTED;

(2) That Plaintiff SHALL HAVE thirty (30) days from the filing date of this Order to pay the two hundred and fifty dollar ($250.00) filing fee;

(3) That the Clerk of Court is DIRECTED to enter a judgment of dismissal without prejudice of this action, without further notice to Plaintiff, if Plaintiff fails to pay the two hundred and fifty dollar ($250.00) filing fee within thirty (30) days of the filing date of this Order, unless Plaintiff shows good cause, in writing, why he is unable to pay the filing fee;

(4) That a clear, legible copy of every pleading or other document filed SHALL ACCOMPANY each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. See Rule 5.4, Local Rules of Civil Procedure (LRCiv). **Failure to comply with this requirement will result in the pleading or document being stricken without further notice to Plaintiff**;

(5) That at all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

DATED this 23rd day of November, 2005.

James A. Teilborg
United States District Judge

**JDDL**